# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ALISA J. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13-cv-686-PMW<br><br>Magistrate Judge Paul M. Warner |

All parties in this case have consented to United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Alisa J. Thomas's ("Plaintiff") motion to amend the judgment entered in this case.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 13.

[2] *See* docket no. 25.

**BACKGROUND**

Plaintiff filed her complaint in this case on July 25, 2013.[3] Plaintiff alleged two causes of action for violations for the Utah Consumer Sales Practices Act ("UCSPA"), *see* Utah Code §§ 13-11-1 *et seq*. In response to Plaintiff's complaint, Wells Fargo Bank, N.A. ("Defendant") filed a motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] On February 20, 2014, this court issued a memorandum decision and order granting Defendant's motion to dismiss and dismissing Plaintiff's complaint.[5] The details of that memorandum decision and order are incorporated by reference and will not be repeated here. On February 25, 2014, the Clerk of the Court entered judgment in Defendant's favor and indicated that Plaintiff's complaint was dismissed with prejudice.[6]

Plaintiff has now filed a motion to amend the judgment entered in this case. Plaintiff contends that the judgment should be amended to reflect that her complaint was dismissed without prejudice, as opposed to being dismissed with prejudice.

**LEGAL STANDARDS**

Rule 59(e) of the Federal Rules of Civil Procedure provides a party with an opportunity to file a motion to alter or amend a judgment. The Tenth Circuit reviews a district court's decision on a rule 59(e) motion for an abuse of discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). "Grounds for granting a Rule 59(e) motion include '(1) an

---

[3] *See* docket no. 2.

[4] *See* docket no. 11.

[5] *See* docket no. 23.

[6] *See* docket no. 24.

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## ANALYSIS

In the February 20, 2014 memorandum decision and order, this court concluded that Plaintiff's UCSPA claims were barred, both by the UCSPA's own express limitation and by the preemption provision contained in the Fair Credit Reporting Act ("FCRA"), *see* 15 U.S.C. §§ 1681 *et seq*. Accordingly, the court granted Defendant's rule 12(b)(6) motion and dismissed Plaintiff's complaint.

As Defendant has noted, "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *see also Good v. Khosrowshahi*, 296 Fed. App'x 676, 681 (10th Cir. 2008) (concluding that dismissal with prejudice "was the appropriate disposition of [the plaintiff's] claims, which were dismissed on the merits for legal defects that could not be cured by amendment."). That is the circumstance presented here.

In her short motion, Plaintiff argues only that the judgment in this case should be amended to prevent manifest injustice. To that end, Plaintiff contends that if her complaint is dismissed with prejudice, as opposed to being dismissed without prejudice, she will be prevented "from pursuing due process against Defendant."[7] In response to Plaintiff's motion, Defendant

---

[7] Docket no. 25 at 2.

3

contends that there is no basis for amending the judgment in this case and that Plaintiff's complaint should be dismissed with prejudice. The court agrees with Defendant.

Plaintiff appears to concede that her UCSPA claims are barred and that she has no private right of action under the FCRA. Curiously, at the same time, she seeks to amend the judgment so that her complaint in this case is dismissed without prejudice, presumably so that she can bring a new lawsuit against Defendant. However, Plaintiff does not articulate how an amendment to her complaint would cure the legal defects in her claims in this case.

In the February 20, 2014 memorandum decision and order, this court adjudicated Plaintiff's claims on their merits and concluded that they were legally defective. The court now concludes that no amendment to Plaintiff's complaint could cure those defects. As such, dismissal of Plaintiff's complaint with prejudice was the correct result. *See Brereton*, 434 F.3d at 1219; *see also Khosrowshahi*, 296 Fed. App'x at 681.

## **CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend the judgment entered in this case[8] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 9th day of May, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 25.